UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM FERGUSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-308 |
| | § | |
| GUDLAUG FONDAHN PETERSON, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff William Ferguson, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (D.E. 20).

The only claim remaining in this case is Plaintiff's claim that Officer Gudlaug Fondahn Peterson acted with deliberate indifference to Plaintiff's serious medical needs. Officer Peterson filed his answer on April 20, 2018. (D.E. 16). Plaintiff seeks the appointment of counsel to assist him in litigating his deliberate indifference claim. Plaintiff states that he has received assistance in preparing his pleadings by a "Jailhouse Lawyer," but that this inmate will no longer be able to assist him due to health reasons. (D.E. 20, p. 4).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of

1 / 3

legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's deliberate indifference claim is not a complex issue.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* The undersigned understands Plaintiff's position that he has received considerable assistance in preparing various pleadings filed in this case. Plaintiff further asserts that he does not have a strong educational background and can barely read. Nevertheless, it appears that Plaintiff adequately prepared his original complaint without the assistance of another inmate. Overall, he has not shown to date an inability to adequately investigate and present his deliberate indifference claim, either by himself or through the assistance of another inmate.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence

and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 20) is DENIED without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 2nd day of August, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE